NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-228

STATE OF LOUISIANA

VERSUS

GREGORY LEE SAMPSON

************
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 253,630
HONORABLE JOHN C. DAVIDSON, JUDGE
************

SYLVIA R. COOKS
JUDGE

************

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and John D. Saunders, Judges.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**

Hon. James C. Downs
District Attorney - 9th JDC
701 Murray Street
Alexandria, LA 71301
(318) 473-6650

Monique Yvette Metoyer
ADA - 9th JDC
P.O. Drawer 1472
Alexandria, LA 71309-1472
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

**Paula Corley Marx**
**Louisiana Appellate Project**
**P.O. Box 80006**
**Lafayette, LA 70598-0006**
**(337) 991-9757**
**COUNSEL FOR APPELLANT:**
    **Gregory Lee Sampson**

**Cooks, Judge.**

On May 15, 2001, the Defendant, Gregory Lee Sampson, was found guilty of the offense of attempted armed robbery, violations of La.R.S. 14:64 and 14:27. The trial court sentenced the Defendant to twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence on May 18, 2001. This court affirmed Defendant's conviction and held the sentence was not excessive. *State v. Sampson*, an unpublished opinion bearing docket number 01-1133 (La.App. 3 Cir. 4/10/02), *writ denied*, 02-1323 (La. 11/27/02), 831 So.2d 270. However, this court vacated the sentence and remanded for resentencing because three days had not passed between his conviction and his sentencing as required by La.Code Crim.P. art. 873.

Defendant filed a motion to quash on November 10, 2009 pursuant to La.Code Crim.P. art. 874 on grounds his sentence had been unreasonably delayed. The trial court denied that motion on September 29, 2010 and resentenced Defendant to twenty-five years at hard labor, without benefit of parole, probation, or suspension of sentence, and with credit for time served. Defendant made an oral motion for appeal when his sentence was announced. He also filed a notice of intent to apply for a supervisory writ on September 30, 2010, and the court granted his order allowing the filing "according to law." Defendant, however, did not file a writ application with this court.

Instead, Defendant also filed a written motion for appeal on December 9, 2010, designating the portions of the record dealing with his sentencing and resentencing. His appellant brief assigned as error the trial court's denial of his motion to quash.

On June 2, 2011, this court issued a rule to show cause why the appeal should not be dismissed as the judgment at issue is not appealable pursuant to La.Code Crim.P. arts. 874 and 912.1. Defendant submitted a response arguing his

resentencing on September 29, 2010 is a proper subject for appeal, as is the legality of that sentencing. Alternatively, he asks this court to consider the appeal to be a writ application and review the merits of the claim.

The judgment at issue is not appealable. *See* La.Code Crim.P. arts. 874 and 912.1. Accordingly, we hereby dismiss the Defendant's appeal. However, the Defendant may seek supervisory writs from the trial court's ruling. The Defendant is neither required to file notice of intent to seek writs nor obtain an order from the trial court setting a return date, as is generally required by Uniform Rules—Courts of Appeal, Rule 4-3. We construe the oral motion for appeal made on September 29, 2010 as timely-filed notice of intent to seek a supervisory writ.

**APPEAL DISMISSED. DEFENDANT-APPELLANT IS PERMITTED TO FILE AN APPLICATION FOR SUPERVISORY WRITS WITHIN THIRTY DAYS OF THE DATE OF THIS DECISION.**